UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY MILLER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:10-CV-314 ERW-NAB |
| | ) |
| LARRY DENNEY, | ) |
| | ) |
| Respondent. | ) |
| | ) |

# REPORT AND RECOMMENDATION

This action is before the court upon Petitioner Larry Miller's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. 1] Respondent Larry Denney filed a response. [Doc. 13]. This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). [Doc. 15]. For the reasons set forth below, the undersigned recommends that the Petition for a Writ of Habeas Corpus be denied.

## I.  BACKGROUND

After a jury trial on December 16, 2004, Miller was convicted of second degree felony murder, first-degree robbery, first degree assault and three counts of armed criminal action. The evidence viewed in the light most favorable to the verdict established the following: On April 2, 2003, Delvin Hester visited America's Best Contacts and Eyeglasses with his daughter to have her eyeglasses adjusted. After the Hesters left the store, Miller approached Hester as he was getting into his car. Hester's daughter was already in the backseat. Miller pulled Hester from the car by his shirt. Hester then ran to the passenger side door and then Miller fired shots at him. Hester, who was carrying a gun for protection, returned fire. Miller got into Hester's car and

drove off with Hester's daughter in the back seat. Hester tried to run after the car, but collapsed after a few steps. Hester died from his injuries at the scene. Hester sustained five gunshot wounds, including a fatal gunshot wound to the chest.

Undercover Drug Enforcement Administration agents and St. Louis Metropolitan police officers at the scene then began a pursuit of Miller. Although the undercover officers were in unmarked police cars, the officers activated their lights and sirens. The pursuit of Miller eventually involved several police departments as Miller traveled through several jurisdictions in Missouri and then drove into Illinois. Miller fired at the officers during the chase. The pursuit ended in Illinois, when Miller crashed into another vehicle that was stopped in traffic. Miller then tried to run away. Miller and the officers exchanged fire, Miller was shot in the leg, and later captured. Hester's daughter sustained minor scratches and injuries due to the shattered glass from the back window.

At trial, Miller testified on his own behalf and stated that he shot Hester in self-defense. Miller testified that he was in the parking lot looking for a ride when he saw Hester who he thought he knew. Miller testified that as he approached Hester, Hester fired a shot at him. Next, Miller testified that he exchanged fire with Hester and then got into Hester's car and drove off as Hester continued shooting at him. Miller stated he did not know that Hester's daughter was in the car. He stated that he fired at officers, because he thought Hester was still following him. Miller testified he eventually realized that the police were following him, but kept driving because he was worried about his probation being revoked. The jury acquitted Miller of a kidnapping charge, but found him guilty of the remaining charges. He received three life sentences and three years imprisonment on each of three counts of armed criminal action.

Miller filed a direct appeal to the Missouri Court of Appeals, which affirmed his conviction and sentence on May 26, 2006. Miller then filed a Motion to Vacate, Set Aside, or Correct the Judgment and Sentence under Missouri Supreme Court Rule 29.15. The Missouri Court of Appeals denied Miller's motion on May 5, 2009. Miller then filed a habeas petition in this court asserting that his conviction should be vacated because (1) the trial court erred by refusing to submit a self-defense instruction, (2) the trial court erred in not submitted lesser-included offense instructions regarding the first degree assault and second degree felony murder charges, and (3) he received ineffective assistance of counsel, because his counsel failed to call a particular witness.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA"), applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326-29 (1997). In conducting habeas review pursuant to § 2254, a federal court is limited to deciding whether a claim that was adjudicated on the merits in state court proceedings (1) resulted in a decision that is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(d)(2).

In order for a claim to be considered to have been adjudicated on the merits by a state court, "the state court's decision must be a judgment—an adjudication—on a substantive issue—the merits (as compared with a procedural or technical point)." *Brown v. Luebbers*, 371 F.3d 458, 461 (8th Cir. 2004), *cert. denied*, 543 U.S. 1189 (2005). Beyond these two considerations,

"no court has established bright-line rules about how much a state court must say or the language it must use to compel a § 2254 court's conclusion that the state court has adjudicated a claim on the merits." *Id.* Therefore, federal courts "must simply look at what a state court has said, case by case, and determine whether the federal constitutional claim was considered and rejected by that court." *Id*.

Under § 2254(d)(1), "the phrase 'clearly established Federal law' . . . refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (noting that the statutory phrase "clearly established Federal law" refers to "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision" ). To obtain habeas relief, a habeas petitioner must be able to point to the Supreme Court precedent that the petitioner thinks the state courts acted contrary to or applied unreasonably. *Evenstad v. Carlson,* 470 F.3d 777, 783 (8th Cir. 2000). (citing *Buchheit v. Norris*, 459 F.3d 849, 853 (8th Cir. 2006)); *Owsley v. Bowersox*, 234 F.3d 1055, 1057 (8th Cir. 2000). "When the federal circuits disagree as to a point of law, the law cannot be considered 'clearly established' under 28 U.S.C. § 2254(d)(1)." *Evenstad*, 470 F.3d at 783 (citing *Tunstall v. Hopkins*, 306 F.3d 601, 611 (8th Cir. 2002)).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412-13. It is not necessary for a state court decision to cite, or even be aware of, applicable federal law, "so long as neither the

4

reasoning nor the result of the state-court decision contradicts" federal law. *Early v. Packer*, 537 U.S. 3, 8 (2002).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 412-13; *see also Penry v. Johnson*, 532 U.S. 782, 792-93 (2001). The writ will not issue merely because the federal court concludes that the relevant state court decision erroneously or incorrectly applied clearly established federal law. *Williams,* 529 U.S. at 411. "[E]ven if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable." *Penry*, 532 U.S. at 792-93 (citing *Williams*, 529 U.S. at 410-11).

The Supreme Court has recognized that in determining whether a state court reasonably applied clearly established federal law, habeas courts must consider the specificity of the rule at issue. The court explained in *Yarborough v. Alvarado*:

> At the same time, the range of reasonable judgment can depend in part on the nature of the relevant rule. If a legal rule is specific, the range may be narrow. Applications of the rule may be plainly correct or incorrect. Other rules are more general, and their meaning must emerge in application over the course of time. Applying a general standard to a specific case can demand a substantial element of judgment. As a result, evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case by case determinations.

*Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004) (Kennedy, J., concurring in judgment)**.** The Eighth Circuit has held that "[t]o the extent that 'inferior' federal courts have decided factually similar cases, reference to those decisions is appropriate in assessing the reasonableness of the state court's resolution of the disputed issue." *Atley v. Ault*, 191 F.3d 865, 871 (8th Cir. 1999).

5

Additionally, § 2254(d)(2) provides a habeas remedy where the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d)(2). For purposes of a habeas proceeding, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in state court proceedings "only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003) (citing 28 U.S.C. § 2254(d)(2), (e)(1)); s*ee also Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004).

## III.   DISCUSSION

### A.   Ground 1- Trial Court's Refusal to Tender Instruction on Self-Defense.

Miller contends that the trial court erred in refusing his instruction on self-defense and the refusal to tender the instruction violated his right to due process and to present a defense under the Fifth and Fourteenth Amendments to the Constitution. The Missouri Court of Appeals declined to consider whether self-defense is available as a defense for felony murder. The appeals court held that even if the court erred by not submitting the instruction, even with a presumption of prejudice, Miller clearly did not suffer prejudice by the refusal of the self-defense instruction. The appeals court found that if the jury believed Miller's evidence that he was not robbing Hester at the time of the shooting, the jury would have found him not guilty of robbery and felony murder. "If no robbery occurred, [Miller] under the submitted instruction, could not be found guilty of felony murder." Resp't Ex. 7 at 3. The appeals court found that submission of a self-defense instruction would not have affected the jury's determination, because either Miller was guilty of first-degree robbery and therefore, felony murder, or he was guilty of

neither. The appeals court held that "when the inclusion of a self-defense instruction is unnecessary, its omission is clearly not prejudicial."

"When determining whether to grant habeas relief, a federal court's review is limited to examining whether the conviction violated United States law." *Crump v. Caspari*, 116 F.3d 326, 327 (8th Cir. 1997). "It is not the province of a federal habeas court to reexamine state court determinations on state law questions." *Bounds v. Delo*, 151 F.3d 1116, 1118 (8th Cir. 1998) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "Determinations of state law made by the Missouri Court of Appeals are binding." *Id.* "[A] defendant has a due process right to a self-defense instruction if the evidence satisfies the requirements of the applicable law on self-defense." *Lannert v. Jones*, 321 F.3d 747, 754 (8th Cir. 2003). "[Even] if the failure to give the self-defense instruction were a violation of state law, habeas relief could only be granted if the failure to instruct the jury on self-defense amounted to a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure." *Crump*, 116 F.3d at 327.

In order to order to submit a self-defense instruction to the jury in Missouri, the defendant must show by substantial evidence that he reasonably believed force was necessary to defend himself from the use of or imminent use of unlawful force by another person. *Id.* citing Mo. Rev. Stat. § 563.031. A defendant who is the initial aggressor cannot raise self-defense unless he can show he withdrew from the encounter and effectively communicated the withdrawal, but was required to use force after the other party continued the use of force. *Id.* at 327-28.

The undersigned finds that the trial court's refusal of Miller's self-defense instruction did not violate Miller's constitutional rights. The evidence at trial, as summarized above, did not support the submission of a self-defense instruction. The undersigned finds that the Missouri

7

Court of Appeals' decision did not result in a decision contrary to clearly established federal law and was not based on an unreasonable determination of the facts in light of the evidence presented. Therefore, the undersigned recommends that relief be denied on ground 1 of Miller's habeas petition.

### B. Grounds 2 and 3- Trial Court's Refusal to Tender Instructions on Lesser-Included Offenses.

Miller next asserts that the trial court erred by refusing to tender the lesser-included instruction for involuntary manslaughter on his murder charge and the lesser-included instruction for third degree assault on the first degree assault charge. Missouri law states that "there is no obligation to instruct the jury on a lesser-included offense unless a basis exists for acquitting the defendant of the greater offense charged and convicting him of the lesser-included offense." *Arnold v. Dormire*, 675 F.3d 1082, 1086 (8th Cir. 2007) (quoting *Arnold v. State*, 303 S.W.3d 567, 569 (Mo. Ct. App. 2009)). The Missouri Court of Appeals determined that the trial court did not err in failing to include the lesser-included instruction for involuntary manslaughter because there was no basis in the evidence for acquitting Miller of second degree felony murder and convicting him of involuntary manslaughter. The appeals court opined that an involuntary manslaughter conviction requires that the jury find that Miller acted recklessly instead of purposefully. The appeals court stated that when viewed in the light most favorable to Miller, the evidence did not support a finding of recklessness, and thus an instruction on involuntary manslaughter. The court found that Miller knew Hester was in close proximity and by firing multiple shots in Hester's direction, his act transcended mere recklessness. The Court of Appeals also found that because the jury found Miller guilty of first-degree robbery, the jury concluded that his use of force in the case was purposeful, thus rejecting Miller's theory of involuntary manslaughter. The Court held that if the jury believed Miller's "reckless self-

8

defense" argument, it would not have found him guilty of robbery, which requires the application of purposeful physical force and thus felony murder.

The Missouri Court of Appeals also rejected Miller's claim that the trial court should have submitted an instruction for third-degree assault as a lesser included offense of first-degree assault. The appeals court again found that the evidence contained no basis for acquitting Miller of first-degree assault and convicting him of third-degree assault; therefore there was no error in refusing to submit a third-degree assault instruction.

A federal habeas court should not reexamine state court determinations on state law questions." *Bounds*, 151 F.3d at 1118. As stated previously, "[d]eterminations of state law made by the Missouri Court of Appeals are binding." *Id.* "Even if the failure to give an instruction constituted a violation of state law, habeas relief can be granted only if the failure amounted to a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure." *Arnold,* 675 F.3d at 1086 (quoting *Crump*, 116 F.3d at 327 (8th Cir. 1997) (internal quotations omitted)). There is no fundamental defect present in this case. "The Supreme Court has never held that there is a constitutional requirement that lesser-included offense instructions be given in noncapital cases." *Id.* Accordingly, the undersigned finds that the Missouri Court of Appeals' decision did not result in a decision contrary to clearly established federal law and was not based on an unreasonable determination of the facts in light of the evidence presented. Therefore, the undersigned recommends that habeas relief be denied on grounds 2 and 3 of Miller's habeas petition.

### C. Ground 4- Ineffectiveness of Trial Counsel at Trial for Failure to Subpoena and Call Keith Thorps to Testify at Trial

Miller asserts that his trial counsel was ineffective for failing to call his friend Keith Thorps to testify at trial. Miller alleges that if Thorps had been called to testify at trial, he would have testified that Hester had shot at Miller at a gas station for no reason a few weeks before the shooting at issue.

To obtain relief based on ineffective assistance of trial counsel, a petitioner must establish (1) that trial counsel's performance fell below an objective standard of reasonableness and (2) that this deficient performance prejudiced the Petitioner's defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The "performance" component of *Strickland* requires a showing that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To satisfy this prong, a petitioner must first identify the specific acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Id.* The court must then make a determination of whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* In making this determination, the court should recognize that trial counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

To satisfy the "prejudice" component of *Strickland*, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In determining whether sufficient prejudice exists, "a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. *Id.* at 695. Further, the court "should presume, absent

challenge to the judgment on grounds of evidentiary insufficiency, that the judge and jury acted according to law." *Id.* at 694. Finally, a court reviewing an ineffective assistance of counsel claim is not required to address both the prejudice and performance components of the *Strickland* inquiry if a petitioner makes an insufficient showing on one component. *Id.* at 697. "A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the respondent as a result of the alleged deficiencies." *Id.* "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.*

The Missouri Court of Appeals denied Miller relief on his ineffective assistance of counsel claimed based on the testimony at the evidentiary hearing held regarding Miller's rule 29.15 motion. At the evidentiary hearing, Miller's trial attorneys testified that Miller did not inform them that he had any witnesses he wanted to call to testify. Miller's attorneys testified that the first time they heard Thorps' name was during Miller's testimony at trial. Miller testified that he told his attorneys about Keith Thorps and provided Thorps' name and address before trial. Thorps testified at the evidentiary hearing that he saw Hester shoot at Miller at some time before the shooting at issue occurred. Thorps had three prior felony convictions, had been incarcerated a significant period of time, and was currently on probation. The appeals court held that the record supported the trial court's determination that counsel did not know about Thorps and that Thorps' testimony would not have provided a viable defense as Thorps lacked credibility due to his prior convictions.

The factual findings by the state courts are presumed to be correct. 28 U.S.C. § 2254(e)(1). Miller has not rebutted that presumption by clear and convincing evidence.[1] *Id.*

---

[1] Miller attached a letter addressed to him from his post-conviction counsel regarding the possible testimony of his trial attorneys at the evidentiary hearing on his Rule 29.15 motion to his Petition. Miller contends that the letter

11

To the contrary, the undersigned also notes that during trial, Miller affirmed on the record that there were no other witnesses to call and that he had not told his attorneys about other witnesses he wanted them to call to testify. Resp't Ex. 1 at 760-761. The undersigned finds that the Missouri Court of Appeals' decision on the ineffective assistance of counsel claim did not result in a decision contrary to clearly established federal law and was not based on an unreasonable determination of the facts in light of the evidence presented. Therefore, the undersigned recommends that habeas relief be denied on ground 4 of Miller's habeas petition.

### D. Request for Evidentiary Hearing and Appointment of Counsel

In his Reply Brief, Miller requests an evidentiary hearing and appointment of counsel in this matter. AEDPA provides that

> the court shall not hold an evidentiary hearing on the claim unless the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or a factual predicate that could not have been previously discovered through the exercise of due diligence; and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). The undersigned concludes that no ground of the petition requires further evidentiary development for its resolution and Miller fails to demonstrate that an evidentiary hearing is justified under the requirements of 28 U.S.C. §2254(e)(2). Therefore, the undersigned recommends that the request for an evidentiary hearing be denied.

---

shows that trial counsel knew about Thorps prior to trial, but chose not to call him. The undersigned declines to consider this evidence, as it is inadmissible hearsay, but even if this letter were considered it would not assist Miller's argument. The letter represents that trial counsel informed Miller's post-conviction counsel that (1) Miller perjured himself on the stand by giving testimony that contradicted the version of events that he gave to them before trial; (2) trial counsel did not know about Thorps until Miller testified, and (3) trial counsel Bradford Kessler did not call Thorps because he did not want to "suborn perjury." It is clear that the contents of the letter confirm rather than contradict Miller's trial counsel's testimony at the evidentiary hearing.

Miller also seeks an appointment of counsel. There is no constitutional right to appointment of counsel in habeas corpus proceedings. *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). A magistrate judge or district judge may appoint counsel for a habeas petitioner "if the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). If an evidentiary hearing is held, the court must appoint counsel if the petitioner meets the requirements of 18 U.S.C. § 3006A. *See* Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts. If no evidentiary hearing is necessary, the appointment of counsel is discretionary. *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994). Miller has filed the Petition and Reply in this matter without counsel and has demonstrated that he is able to present his claim in a clear and adequate manner. In consideration of the legal and factual complexities of this case and Miller's ability to investigate and present his claim, the undersigned determines that the interests of justice to do not require an appointment of counsel. *Abdullah*, 18 F.3d at 573. Therefore, the undersigned will recommend that the motion for appointment of counsel be denied.

## IV. CONCLUSION

For the reasons set forth above, the undersigned recommends that Miller's claims for relief should be denied. The undersigned further finds the grounds asserted by Miller do not give rise to any issues of constitutional magnitude. Because Miller has made no showing of a denial of a constitutional right, the undersigned does not recommend that a certificate of appealability be issued in this matter. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED**. [Doc. 1].

**IT IS FURTHER RECOMMENDED** that, for the reasons stated herein, any motion by Larry Miller for a Certificate of Appealability be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Miller's request for an evidentiary hearing and appointment of counsel be **DENIED**.

The parties are advised that they have fourteen (14) days in which to file written objections to these recommendations pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. *See Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).

Dated this 6th day of February, 2013.

      /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE